IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| MIRIAM G. CARROLL,<br><br>　　　　　Plaintiff,<br>v.<br><br>WILSON McCOLL & RASMUSSEN,<br>ATTORNEYS AT LAW; HAWLEY,<br>TROXELL, ENNIS, & HAWLEY, LLP.,<br><br>　　　　　Defendants. | Case No. CV 08-22-CWD<br><br>**MEMORANDUM<br>DECISION AND ORDER** |

## Introduction

Currently pending before the Court is Defendant Hawley Troxell, Ennis, & Hawley, LLP's Motion to Stay (Docket No. 16). After thoroughly reviewing the briefing and the record, and holding a hearing[1] to allow for oral argument, the Court finds that the Motion to Stay should be granted.

## I.
## Procedural Background

On October 6, 2005, Citibank filed an action in Idaho state court (CV-2005-153) against Plaintiff Miriam Carroll ("Carroll") to recover credit card debt. The trial judge granted Citibank's Motion for Summary Judgment, holding that Citibank had standing to bring the action. Carroll appealed the decision. Carroll also filed this lawsuit on January 15, 2008 (Docket No. 1), against

---

[1] During the hearing scheduled for February 9, 2009, Ms. Carroll renewed her objection to Defendant's Motion to Stay (Docket No. 16), but acknowledged her understanding of the Court's authority to exercise its discretion in connection with Defendant's request to stay the proceedings.

**MEMORANDUM DECISION AND ORDER - Page 1**

the attorneys who represented Citibank in the state court lawsuit, alleging they violated the Fair Debt Collection Practices Act ("FDCPA") and the Idaho Consumer Protection Act ("ICPA"). The parties stipulated to dismiss Defendant Wilson, McColl & Rasmussen from this litigation on November 6, 2008. (Docket No. 25.)

Defendant filed a Motion to Stay on October 3, 2008 (Docket No. 16), requesting this litigation be stayed until the Idaho Supreme Court rules on Carroll's appeal from the state court action, which the Defendant predicts will be some time in early 2009.[2] Plaintiff filed a Response on October 16, 2008 (Docket No.19), opposing the motion and Defendant filed a Reply on October 31, 2008 (Docket No. 24).

## II.
## Discussion

The Supreme Court of the United States has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248 (1936). The Supreme Court noted that " how this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (Internal citations omitted.) Further, as stated by the United States Court of Appeals for the Ninth Circuit, "this rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of

---

[2] During the hearing, Defendant's counsel noted that the Idaho Supreme Court is scheduled to hear cases in northern Idaho on April 9 and 10, 2009, suggesting that, if the Idaho Supreme Court decides to hear oral argument on Ms. Carroll's appeal, it would likely occur on one of these dates.

the action before the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-864 (9th Cir. 1979).

In support of its Motion to Stay, Defendant argues that the central issue on appeal - whether Citibank had standing to sue Carroll to recover the credit card debt - is also the central issue in this lawsuit. Defendant further argues that the standing issue is central to this federal case because, if the Idaho Supreme Court determines that Citibank had standing, the attorneys Citibank hired would not have violated the FDCPA or the ICPA by asserting that Citibank owned the account or that Citibank had standing to sue Carroll in the state court collection action. In support of this argument, Defendant cites to Plaintiff's Complaint which states: "Defendants knew or should have known that their alleged client is unable to achieve standing, unable to produce competent evidence to support to a claim, unable to produce a written agreement with a bonafide signature of the plaintiff." (Docket No. 1, ¶ 17.)

Finally, Defendant argues that a stay would serve the interests of judicial economy and not be unfair to Carroll, particularly because the appeal probably will be decided in early 2009. Carroll responds that the actual issue on appeal is whether the state court wrongfully made a finding of fact on the Motion for Summary Judgment.[3] She further argues that the issues on appeal from the state court dismissal are not the same as the issues before this Court, because this lawsuit is about attorney (rather than financial institution) violations of the FDCPA and the ICPA, as well as about attorney ownership and/or financial interest in the alleged debt.

As noted above, the Court may grant a stay even if the issue is not controlling in the case before the Court. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d at 863-864. In this

---

[3] This argument is based on Carroll's argument that, because Carroll requested a jury trial, the state court should not have decided the motion for summary judgment.

**MEMORANDUM DECISION AND ORDER - Page 3**

instance, even Carroll acknowledges that at least one issue in the litigation before this Court is whether Citibank had standing to collect the debt, and that resolution of this issue will impact Carroll's claims under the FDCPA and the ICPA, which include allegations that Defendant misrepresented Citibank's standing to her. Further, the Court finds that it would not cause harm to either party to stay these proceeding until after the Idaho Supreme Court has issued its decision. This is particularly true if the Idaho Supreme Court decides the appeal in early 2009. Finally, the Court finds that a stay would serve the interests of judicial economy for both parties, as well as the Court, by potentially narrowing the issues in this lawsuit and avoiding the expenditure of unnecessary costs, expenses, and time regarding the standing issue.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1) Defendant's Motion to Stay (Docket No. 16) be GRANTED;

2) Carroll shall notify Judge Dale's chambers within five (5) days after a decision is rendered by the Idaho Supreme Court on Carroll's appeal in the state collection suit;

3) A telephonic status and scheduling conference shall be set for March 30, 2009 at

2:00

p.m. for purposes of setting a scheduling order for this matter.



DATED: February 9, 2009

Honorable Candy W. Dale
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - Page 4**