IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| | ) | |
| MIRIAM G. CARROLL, | ) | Case No. CV 08-22-CWD |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **DECISION AND ORDER** |
| WILSON McCOLL & RASMUSSEN, | ) | |
| ATTORNEYS AT LAW; HAWLEY, | ) | |
| TROXELL, ENNIS, & HAWLEY, LLP., | ) | |
| | ) | |
| Defendants. | ) | |

Currently pending before the Court is Plaintiff Miriam Carroll's Motion to Amend

(Docket No. 34).  After thoroughly reviewing the briefing and the record,[1] the Court finds that

the Motion to Amend will be granted in part and denied in part as more fully explained below.

## I. Background

On October 6, 2005, Citibank filed an action in Idaho state court (CV-2005-153) against

Plaintiff Miriam Carroll ("Carroll") to recover credit card debt.  The court granted Citibank's

motion for summary judgment, finding that Citibank had standing to bring the action.  Carroll

appealed the decision.  On November 25, 2009, the Idaho Supreme Court affirmed the state

court's decision.  While the appeal was pending, Carroll filed this lawsuit on January 15, 2008

(Docket No. 1), against the attorneys who represented Citibank in the state court lawsuit,

alleging they violated the Fair Debt Collection Practices Act ("FDCPA") and the Idaho

---

[1] The Court finds the motion suitable for disposition without oral argument pursuant to
Dist. Idaho Loc. Civ. R. 7.1(d)(2).

Consumer Protection Act ("ICPA").  The parties stipulated to dismiss Defendant Wilson, McCall & Rasmussen from this litigation on November 6, 2008. (Docket No. 25.)

## II.  Discussion

**A. Motion to Amend**

On December 7, 2009, Plaintiff filed a motion to amend her complaint. (Docket No. 34.) Specifically, the proposed amended complaint includes allegations that Defendant Hawley Troxell, Ennis & Hawley, LLP ("HTEH") violated the FDCPA by sending letters to Plaintiff dated March 2, 2007, March 30, 2007, January 7, 2008, and March 31, 2008, which did not state specifically that they were from a debt collector.   The proposed amended complaint further alleges that HTEH violated the ICPA by making certain representations in state court briefs on January 4, 2007, January 18, 2007, February 6, 2007, May 25, 2007, July 5, 2007, July 17, 2007, November 20, 2007, December 19, 2007, and January 16, 2008.  Further, Plaintiff is seeking to add Sheila Schwager as a Defendant to the FDCPA and ICPA claims and Loren Messerly as a Defendant to the ICPA claim.  Both Ms. Schwager and Mr. Messerly were HTEH attorneys who represented Citibank and worked on the state court litigation. (Opposition p. 4, Docket No. 36.)

Defendants do not oppose an amended complaint that names only HTEH as a Defendant and which includes only the more specific FDCPA claims proposed by Plaintiff based on the March 2, 2007, March 30, 2007, January 7, 2008 and March 31, 2008 letters. (Opposition p. 5, Docket No. 36.)  Defendants object to the addition of ICPA claims against HTEH and the inclusion of Ms. Schwager and Mr. Messerly as Defendants to both FDCPA and ICPA claims. (Opposition, Docket No. 36.)

**MEMORANDUM DECISION AND ORDER - Page 2**

Fed. R. Civ. P. 15(a) provides that amendments to pleadings should be liberally granted in the interests of justice.  The rule states: "[A] party may amend the party's pleadings only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the right to amend is not absolute. When determining whether amendments should be granted, the Court should consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, futility of amendment, etc...." *Forman v. Davis,* 371 U.S. 178, 182 (1962).  Prejudice to the opposing party is the most important factor for consideration. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) *citing Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330-31 (1971).

### 1.  FDCPA claims against Sheila Schwager

Defendant argues that the addition of Ms. Schwager as a Defendant to the FDCPA claims is inappropriate, because the statute of limitations has run and the amendment would not relate back to the time of filing under Fed. R.Civ. P. 15(c).

The statute of limitations under the FDCPA is one year. 15 U.S.C. § 1692k(d).  Thus, the addition of Ms. Schwager as a Defendant would implicate a statute of limitations defense, because the last of the alleged FDCPA violations occurred on March 31, 2008, well over one year ago.  Therefore, HTEH is correct that inclusion of Ms. Schwager as a Defendant to the FDCPA claim is time barred, unless the relation back provisions of Fed. R. Civ. P. 15(c) apply.

Fed. R. Civ. P. 15(c) provides that an amendment will relate back to the date of the pleading when:

**MEMORANDUM DECISION AND ORDER - Page 3**

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    ( i ) received such notice of the action that it will not be prejudiced in defending on the merits; and

    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

HTEH does not dispute that the proposed claims against Ms. Schwager arose out of the same conduct, transaction or occurrence addressed in the original Complaint. The controversy arises over whether the other elements of Rule 15(c) are met, specifically whether there was a mistake concerning the proper party's identity such that 15(c)(1)(C)(ii) would be satisfied.

The Ninth Circuit has held that "Rule 15(c) was intended to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identify of the proper party." *Kilkenny v. Arco Marine, Inc.,* 800 F.2d 853, 857 (9th Cir. 1986). In contrast, "Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party...." *Id.* at 858.

Defendant contends that the mistake element was not met because Ms. Schwager signed all of the letters at issue on behalf of HTEH and, therefore, there is no excuse as to why the Plaintiff did not name Ms. Schwager in the first Complaint if Plaintiff intended to make her a party to this litigation. Plaintiff responds by arguing that Ms. Schwager knew that she should have been named a party, because Ms. Schwager was identified during the process of discovery. The Court finds Plaintiff's argument without merit. Despite Ms. Schwager being identified during the discovery process, Ms. Schwager's involvement in the state court suit should have

**MEMORANDUM DECISION AND ORDER - Page 4**

been apparent to Plaintiff as early as December of 2006, because the record demonstrates that, at least since that time, Ms. Schwager was signing letters on behalf of Defendant HTEH, the law firm representing Citibank in the state court action.  (Exh. I, Docket No. 34-2.)  Clearly Plaintiff read those letters signed by Ms. Schwager as they are the foundation of Plaintiff's FDCPA claims.  Thus, the Court finds Plaintiff's argument that she was unaware of Ms. Schwager's involvement until Ms. Schwager was identified during the discovery process disingenuous.

Further, because Plaintiff knew that Ms. Schwager was involved in representing Citibank in the state court lawsuit, the Court cannot find that Ms. Schwager knew that she should have been named a defendant in this action.  Instead, as noted in *Kilkenny*,  "[a] Plaintiff's failure to amend its complaint to add a defendant after being notified of a mistake concerning the identify of a proper party may cause the unnamed party to conclude that it wasn't named because of strategic reasons rather than as a result of Plaintiff's mistake." *Id*. at 857 (internal citations omitted).[2]  Therefore, the amendment to include Ms. Schwager as a defendant to the FDCPA claims would not relate back under Fed. R. Civ. P. 15(c).

Next, Plaintiff contends that adding Ms. Schwager is simply identifying a party previously named in the Complaint as Jane Doe 1.  Generally, there is no specific rule in federal practice precluding the use of fictitious names when the actual names of parties are unknown. CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE §3642 (2d ed.1990) *citing Craig v. U.S*. 413 F.2d 854 (9th Cir. 1969).  However, where the identity of a party is known and

---

[2] The Court also finds Plaintiff's argument that Defendant was speculating regarding her state of mind when she decided not to file the Complaint against Ms. Schwager irrelevant. Whether Plaintiff was motivated by strategy or not, as explained above, Plaintiff's failure to name Ms. Schwager when she knew of Ms. Schwager's involvement in the case is not the type of mistake Fed. R. Civ. P. 15(c) was intended to correct.

**MEMORANDUM DECISION AND ORDER - Page 5**

ascertainable by the plaintiff at the time he filed his complaint, the party does not qualify as a Doe defendant. *Stafford v. Hernandez*, 2008 WL 4836523 (S.D.Cal. August 4, 2008).  Here, the Court finds that Plaintiff knew who Ms. Schwager was at the time she filed her Complaint on January 15, 2008.  She has been receiving letters signed by Ms. Schwager on behalf of HTEH since December of 2006. (Exh. I, Docket No. 34-2.)  Therefore, the Court finds that Sheila Schwager does not constitute an "unknown party" falling within designation as a Doe in Plaintiff's lawsuit.  Thus, Ms. Schwager cannot be substituted for Jane Doe I in this action.[3]

### 2.  ICPA claim against HTEH

Plaintiff is seeking to add Idaho Consumer Protection Act ("ICPA") claims against HTEH based on allegations that HTEH made certain misrepresentations in briefs filed in the state court case.  The ICPA provides for a private right of action for any person who "purchases...goods or services and thereby suffers any ascertainable loss of money ... as a result of a... practice declared unlawful by this act...." *Adams v. U.S.* 2009 WL 595594 (D. Idaho 2009) citing I.C. §48-608.   The only other action provided for by the ICPA is an action by the attorney general if the proceedings would be in the public interest.  I.C. §48-606.

HTEH opposes the amendment, arguing that allowing the claim against HTEH would be futile because: 1) the ICPA applies only to trade and commerce; 2) the litigation privilege applies to documents filed during the state court action; 3) Plaintiff suffered no ascertainable

---

[3] The Court also notes that Does generally must be identified and served within 120 days of the commencement of the action against them pursuant to Fed. R. Civ. P. 4(m) unless good cause for the failure exists.  *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995) (noting that district courts across the country as well as the Seventh Circuit have all reached this conclusion).  This was not accomplished with respect to naming Ms. Schwager as a defendant in this action.

loss; and 4) the Idaho Supreme Court recently held that HTEH's statements in the state court litigation were not false.

First, HTEH argues that the ICPA does not apply to this action because it applies only to acts or practices in the conduct of trade or commerce. I.C. §48-603.  HTEH contends that, although trade and commerce includes "collecting debts arising out of the sale or lease of goods or services or distributing goods or services," the underlying debt in this case was general credit card debt originating from balance transfers. (Opposition p. 8, Docket No. 13.)  Plaintiff replies that the closest analogy for a balance transfer is the sale of debt to a third party, activity that the Idaho Supreme Court has held is covered by the ICPA.  The Court agrees.  In *In re Western Acceptance Corp., Inc.,* the Idaho Supreme Court held that, "[c]onstruing the Act liberally in the manner the legislature indicated we should, we conclude that the collection of a debt arising out of a sale of goods or services is subject to the provisions of the Act, even when the collection of the debt is by a third party who has purchased the debt from the seller.  It is the sale that brings the debt into existence that is the crucial event." Plaintiff contends that it was the purchase of goods that led to the creation of the debt.  Therefore, the Court cannot find that the collection of debt in this case is outside the scope of the ICPA.

HTEH also contends that amendment of the Complaint to add ICPA claims would be futile because any misrepresentations made were in pleadings filed in a lawsuit and, due to the litigation privilege, cannot lead to legal liability.  Plaintiff responds that the litigation privilege does not apply in all instances and, more  specifically, the cases cited by Defendant in support of their contention that the privilege applies relate to claims of  slander and libel.  It is well settled in Idaho that an absolute privilege applies to defamatory statements made during the course of

**MEMORANDUM DECISION AND ORDER - Page 7**

litigation proceedings.  *Richeson v. Kessler,* 73 Idaho 548, (1953).  However, it is unclear whether this absolute privilege has been extended by the Idaho Supreme Court to include actions brought under the ICPA.  Therefore, the Court will not deny the motion to amend on these grounds.

Next, HTEH contends that amendment would be futile because Plaintiff cannot satisfy an essential element of a claim under the ICPA - that Plaintiff suffered an ascertainable loss.  Plaintiff contends that she does not need to meet this requirement because she is bringing the ICPA claims in the "public interest." (Reply p. 4, Docket No. 38.)   The Court finds this argument without merit.   The ICPA specifically provides for two different types of actions: 1) an action by the state attorney general in the public interest; and 2) a private action by persons who have suffered an ascertainable loss.  Plaintiff is not the attorney general and is, therefore, unable to bring an action in the public interest.  Instead, Plaintiff must bring a private cause of action and must be able to demonstrate an ascertainable loss to proceed on her ICPA claims.

Plaintiff makes no argument as to how she can meet the ascertainable loss requirement.  HTEH argues that she cannot meet the loss requirement because her claim is based upon payment of an existing legal obligation, and when a consumer pays an existing legal obligation, no ascertainable loss is suffered.   *Yellowpine Water User's Association v. Imel*, 105 Idaho 349 (1983).   Here, the Idaho Supreme Court already has determined that Plaintiff legally owes Citibank the amount of the debt plus interest, attorney fees and costs. *Citibank (South Dakota) N.A., v. Carroll*, 2009 WL 4067870 (Idaho 2009).  The Plaintiff has not alleged any other ascertainable loss besides what has been determined legally to be due and owing to Citibank.  Therefore, HTEH is correct that payment of this legal obligation does not constitute an

**MEMORANDUM DECISION AND ORDER - Page 8**

ascertainable loss for the purposes of bringing an action under the ICPA, and the motion to amend must be denied.

Finally, Defendant argues that the Idaho Supreme Court's decision that "Citibank was the sole owner of Carroll's account at the time it brought suit establishes via collateral estoppel that the statements Plaintiff argues are misstatements are true."   The federal courts generally have accorded preclusive effect to issues decided by state courts. *Allen v. McCurry*, 449 U.S. 90, 95-96 (1980).  Res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971).

Plaintiff contends that the Idaho Supreme Court's decision does not foreclose her ICPA claims because the misrepresentations are unrelated to Citibank's ownership of the debt.  Neither party offered a sufficient explanation of how the Idaho Supreme Court's decision does or does not preclude the ICPA claims; however, after a review of the Idaho Supreme Court's decision and the proposed amended complaint, the Court is persuaded that the Idaho Supreme Court's factual holding that Citibank owned the debt owed by Plaintiff does preclude several of her ICPA claims.   However, the Court need not decide this question as the ICPA amendment will not be allowed based on Plaintiff's inability to satisfy the ascertainable loss requirement.

### 3.  ICPA claims against Sheila Schwager and Loren Messerly

Plaintiff also is seeking to amend her complaint to include ICPA claims against both Sheila Schwager and Loren Messerly, two HTEH attorneys working on the state court action. HTEH responds that, for the same reason that the addition of the ICPA claims would be futile

**MEMORANDUM DECISION AND ORDER - Page 9**

against HTEH, they would be futile if asserted  against Ms. Schwager and Mr. Messerly.  The

Court agrees.  Plaintiff has not alleged any factual difference between the ICPA claim against

HTEH and the ICPA claims against Ms. Schwager and Mr. Messerly.   To bring a claim against

HTEH or the other potential defendants, Plaintiff still needs to demonstrate an ascertainable loss.

Plaintiff has not done so.  Therefore, the Court will not allow the proposed amendments.

## **ORDER**

Based on the foregoing, the Court will allow the Plaintiff to file an amended complaint

that includes more specific allegations regarding her FDCPA claims against HTEH.  However,

the addition of ICPA claims and inclusion of Ms. Schwager and Mr. Messerly as defendants will

not be allowed.  If Plaintiff proceeds with an amended complaint, Plaintiff shall conform her

pleading to the Court's decision and file her amended complaint within fourteen (14) days of this

Order or no later than May 25, 2010.



DATED: May 11, 2010

_Candy W. Dale_
_____

Honorable Candy W. Dale
Chief United States Magistrate Judge